IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 3:17-CV-303 |
| Plaintiff, | : | JUDGE WALTER H. RICE |
| v. | : | |
| ONE HUNDRED THIRTY THOUSAND FOUR HUNDRED SIXTY-FOUR DOLLARS IN UNITED STATES CURRENCY ($130,464.00), et al., | : | |
| Defendants. | : | |

## DEFAULT JUDGMENT IN A CIVIL CASE
## AND DECREE OF FORFEITURE OF ALL DEFENDANTS

[ ] **Jury verdict.** This action came before the Court for a trial by Jury. The issues have been tried and the jury has rendered its verdict.

[ ] **Decision by Court.** The action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

[x] **Decision by Court.** This action was decided without a trial or hearing.

This matter comes before the Court on the motion of the United States for a default judgment and decree of forfeiture. The instant motion seeks a default judgment against One Hundred Thirty Thousand Four Hundred Sixty-Four Dollars in United States Currency ($130,464.00) (Defendant 1); All of the Funds from Check No. 1041 in the Amount of $10,000, Made Payable to Hector Torres, Drawn on IBC Bank Account No. xxx7122 of Aylard Tours LLC (Defendant 2); Aylard Tours LLC; Hector Torres; and all other persons and entities who might have an interest in the defendant property.

The United States filed a Verified Complaint for Forfeiture *in Rem* on August 30, 2017.

(Doc. 1.) Special Agent Brian K. Turk of Homeland Securities Investigations verified the complaint. (*Id.*)

This is a civil forfeiture action brought against One Hundred Thirty Thousand Four Hundred Sixty-Four Dollars in United States Currency ($130,464.00) (Defendant 1) and All of the Funds from Check No. 1041 in the Amount of $10,000, Made Payable to Hector Torres, Drawn on IBC Bank Account No. xxx7122 of Aylard Tours LLC (Defendant 2) (together, "defendant property") to enforce the provisions of 21 U.S.C. § 881(a)(6), alleging that the defendant property represents property furnished or intended to be furnished by any person in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense in violation of 21 U.S.C. § 846. (*Id.*)

A Warrant of Arrest in Rem, issued by the Court on November 30, 2017, directed the United States Department of Homeland Security, United States Customs and Border Protection, any duly authorized law enforcement officer, or their delegate(s) to arrest the defendant property. (Doc. 5.) In accordance with the Warrant of Arrest in Rem, the United States arrested the defendant property, bringing it within the jurisdiction of the Court. (Docs. 9, 10.)

Pursuant to Rule G(4)(b)(i) of the Supplemental Rules, "[t]he government must send notice of the action with a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." The direct notice instructs the potential claimant or the potential claimant's attorney of the following: (1) the date when the notice was sent, (2) the deadline for filing a claim which is at least 35 days after the notice was sent, (3) that an answer

2

or a motion under Rule 12 must be filed no later than 21 days after filing the claim, and (4) the name of the government attorney to be served with the claim and answer. Supplemental Rule G(4)(b)(ii). "The notice must be sent by means reasonably calculated to reach the potential claimant." Supplemental Rule G(4)(b)(iii)(A). In this case, the United States has sent direct notice of this action with a copy of the complaint to all known potential claimants.

On January 29, 2018, the United States sent direct notice and a copy of the complaint by FedEx to potential claimant Hector Torres, through his attorney, Aaron Durden, who previously represented the potential claimant in a related criminal case. (Doc. 12, Exhibit B.) In addition, the United States sent a copy of the direct notice and complaint by regular U.S. Mail to potential claimant Hector Torres at his place of incarceration at the Montgomery County Jail. (*Id.*)

On January 30, 2018, the United States sent direct notice and a copy of the complaint by FedEx and regular U.S. Mail to potential claimant Aylard Tours LLC. (*Id.*, Exhibit A.)

On April 4, 2018, the United States sent a courtesy letter to Brock Schoenlein, who represents Hector Torres in a related criminal case (Case No. 3:17-CR-184), to advise him of Hector Torres's failure to respond in this civil forfeiture action as required by law.

Pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules, the United States is required to publish notice in a manner reasonably calculated to notify potential claimants of the civil forfeiture action on an official internet government forfeiture site for at least 30 consecutive days.

The United States posted notice of this civil forfeiture action on the official internet government forfeiture site, (www.forfeiture.gov), beginning on January 31, 2018, for 30 consecutive days. (Doc. 11.)

On April 4, 2018, the Clerk of this Court filed an Entry of Default against One Hundred Thirty Thousand Four Hundred Sixty-Four Dollars in United States Currency ($130,464.00) (Defendant 1); All of the Funds from Check No. 1041 in the Amount of $10,000, Made Payable to Hector Torres, Drawn on IBC Bank Account No. xxx7122 of Aylard Tours LLC (Defendant 2); Aylard Tours LLC; Hector Torres; and all other persons and entities who might have an interest in the defendant property for failure to file a claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and (B) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (Doc. 14.)

No person or entity has filed a claim to the defendant property or an answer to the complaint, and the time to do so has expired.

Therefore, it is hereby ORDERED that, in accordance with Rule 55(b)(2) of the Federal Rules of Civil Procedure, 18 U.S.C. § 983(a)(4)(A) and (B), and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, a default judgment is granted to the United States against the following:

1. One Hundred Thirty Thousand Four Hundred Sixty-Four Dollars in United States Currency ($130,464.00) (Defendant 1);

2. All of the Funds from Check No. 1041 in the Amount of $10,000, Made Payable to Hector Torres, Drawn on IBC Bank Account No. xxx7122 of Aylard Tours LLC (Defendant 2);

3. Aylard Tours LLC;

4. Hector Torres; and

5. All other persons and entities who might have an interest in the defendant property,

for failure to file a claim and answer pursuant to 18 U.S.C. § 983(a)(4)(A) and (B) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

It is further ORDERED, ADJUDGED, AND DECREED that:

1. All right, title, and interest in the defendant property is CONDEMNED and FORFEITED to the United States pursuant to 21 U.S.C. § 881(a)(6) because the defendant property represents property furnished or intended to be furnished by any person in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense in violation of 21 U.S.C. § 846;

2. All right, title, and interest in the defendant property is vested in the United States, and no right, title, or interest shall exist in any other person or entity;

3. The United States or an authorized agent thereof shall dispose of the defendant property in accordance with the law;

4. The Court shall retain jurisdiction to enforce the terms of this Order; and

5. This case is terminated on the docket of this Court.

Date: 4-6-18

WALTER H. RICE
UNITED STATES DISTRICT JUDGE